**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LOUIS CECCORULLI, | No. CV-07-1214-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| AEROTEC INTERNATIONAL, INC., | |
| Defendant. | |

Pending before the Court is the Motion for Summary Judgment of Defendant Aerotec International, Inc. (Dkt. # 45.) For the reasons set forth below, the Court grants Defendant's motion.[1]

**BACKGROUND**

On June 10, 2006, Plaintiff Louis Ceccorulli was hired by Defendant Aerotec International as the Overhaul Shop Manager. In this capacity, Plaintiff was responsible for managing the Overhaul and Accessory Shop, as well as supervising the maintenance and production control departments. Plaintiff supervised approximately twenty-five employees and was responsible for overseeing the manpower requirements necessary to meet

---

[1] Defendant has requested oral argument. The request is denied because the parties have thoroughly discussed the law and the evidence, and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1 Defendant's delivery deadlines. When concerns arose, Plaintiff reported to his supervisor, Kevin Gardner, Aerotec's Director of Maintenance, and to David Davidson, Aerotec's owner and President.

During his employment, Plaintiff allegedly became aware of a group of employees he supervised who should have been entitled to hourly pay and overtime pay under the Fair Labor Standards Act ("FLSA") but who had been improperly classified by Aerotec as supervisors. On numerous occasions during his employment, Plaintiff mentioned to Gardner that he believed these employees were entitled to overtime wages and were misclassified as supervisors in violation of the FLSA.

On or about March 20, 2007, Plaintiff was summoned to a meeting with Gardner in which Gardner informed Plaintiff that the company was terminating his employment because he failed to work the overtime hours on March 15, 16, and 19 of 2007 that were required to meet Aerotec's deadlines. Gardner had previously obtained Davidson's approval to terminate Plaintiff's employment if Plaintiff did not agree to meet the requirements of his job and refrain from losing his temper. After some discussion, Gardner decided that a three-day suspension would be imposed rather than termination.

After the meeting, Plaintiff claims that he "calmly walked to [his] office, completed paperwork necessary to ensure [his] employees received their paychecks, and then left the Aerotec facility." (Dkt. # 51 Ex. 1 ¶ 52.) However, during this time period, Alfonso Aguirre, a sales manager at Aerotec, claims to have "heard profanity, yelling, screaming, and the sound of things being thrown around coming from [Plaintiff's] office." (Dkt. # 46 Ex. M ¶ 10.) Upon asking Plaintiff what was happening, Plaintiff referred to Gardner and Davidson in explicit terms. (*Id.* Ex. M ¶¶ 12-14.) Aguirre reported the conduct he witnessed to Gardner and Davidson. (*Id.* ¶¶ 15-16.) Jeff Davis, Aerotec's Parts Re-Manufacturing Manager, also stated that he "heard yelling and profanity coming from [Plaintiff's] office." (*Id.* Ex. P ¶ 6.) He also looked into Plaintiff's office and saw "[Plaintiff] cussing, yelling, and throwing things around." (*Id.* ¶¶ 7-8.) Davis also reported the conduct he witnessed to Gardner and Davidson. (*Id.* ¶ 9.)

- 2 -

1  Before Plaintiff was due to return to work from his suspension, Gardner left a message on Plaintiff's phone explaining that the company had terminated his employment. On June 20, 2007, Plaintiff filed a complaint asserting a single claim that Defendant violated the anti-retaliation provisions of the FLSA. On August 3, 2008, Defendant filed a motion for summary judgment. (Dkt. # 45.)

## DISCUSSION

### I.  Summary Judgment Standard of Review

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).

Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### II.  Analysis

Plaintiff contends that Defendant violated the FLSA by discharging him from his employment in retaliation for complaints he submitted to Gardner suggesting that Defendant was violating provisions of the FLSA by misclassifying some of its employees as supervisors. The FLSA provides, in pertinent part, that it is unlawful:

> [T]o discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or

> related to this chapter, or has testified or is about to testify to in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

Generally, in discrimination cases brought under federal law, where a plaintiff lacks direct evidence of discriminatory animus, a court applies the burden-shifting scheme articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Although the Ninth Circuit has yet to explicitly find *McDonnell Douglas* applicable, both parties agree that the *McDonnell Douglas* burden-shifting scheme is applicable to FLSA retaliation cases. (Dkt. ## 45 at 5, 51 at 11); *see also Spata v. Smith's Food & Drug Ctrs., Inc.*, 253 Fed. App'x. 648, 648 (9th Cir. 2007) (finding that a district court did not commit reversible error in applying the *McDonnell Douglas* burden-shifting scheme to an FLSA retaliation claim); *Grey v. City of Oak Grove*, 396 F.3d 1031, 1034 (8th Cir. 2005) (applying the *McDonnell Douglas* burden-shifting scheme to an FLSA retaliation claim); *Moore v. Freeman*, 355 F.3d 558, 562 (6th Cir. 2004) (same); *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1997) (same).

Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of retaliation. *McDonnell Douglas*, 411 U.S. at 802. In order to establish a prima facie retaliation claim under the FLSA, a plaintiff must demonstrate that: (1) he engaged in a statutorily-protected activity; (2) Defendant took an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). If successful, the burden then shifts to the defendant to establish a non-discriminatory reason for the adverse action. *McDonnell Douglas*, 411 U.S. at 802-04. Once the defendant establishes a non-discriminatory reason, the burden then shifts back to the plaintiff to show that there is a genuine issue of material fact as to whether the defendant's proffered reason for the adverse action was pretextual. *Id.*

Initially, the parties dispute whether Plaintiff can establish a prima facie case of retaliation. (Dkt. ## 45 at 6-11, 51 at 12-14.) Defendant argues that Plaintiff cannot establish either that he engaged in a statutorily-protected activity or that a causal link existed

- 4 -

1  between the protected activity and Plaintiff's discharge. (Dkt. # 45 at 6-11.) Even if Plaintiff
2  has presented sufficient evidence establishing a prima facie case of retaliation, summary
3  judgment is still proper because Defendant has proffered a legitimate non-retaliatory reason
4  for discharging Plaintiff, and there is no genuine issue of material fact as to whether
5  Defendant's proffered non-retaliatory reason for Plaintiff's discharge was pretextual.

6  Plaintiff contends that he was terminated in retaliation for complaining about potential
7  FLSA violations. Defendant, however, maintains that Plaintiff was discharged "because of
8  Mr. Ceccorulli's alleged outburst in his office after learning of his suspension [and] the prior
9  instances in which Mr. Ceccoruli lost his temper." (Dkt. # 51 at 14.) Defendant presents
10 undisputed evidence that on or around March 20, 2007, Alfonso Aguirre and Jeff Davis
11 independently reported to Gardner and Davidson that each had witnessed Plaintiff's actions
12 in his office following his meeting with Gardner. Aguirre reported "hear[ing] profanity,
13 yelling, screaming, and the sound of things being thrown around coming from [Plaintiff's]
14 office." (Dkt. # 46 Ex. M ¶ 10.) Davis reported "hear[ing] yelling and profanity coming
15 from [Plaintiff's] office" and he went to see what was happening. He reported that "When
16 [he] looked into [Plaintiff's] office [Plaintiff] was cussing, yelling, and throwing things
17 around his office." (Dkt. # 46 Ex. P ¶ 6-8.) Defendant also provides evidence indicating that
18 Plaintiff lost his temper on other occasions. Plaintiff does not dispute that the alleged
19 conduct would provide a legitimate basis for terminating employment. Indeed, Plaintiff even
20 admits that the conduct he allegedly committed would legitimately support discharge under
21 the express provisions of Aerotec's Handbook. Plaintiff only disputes the objective
22 truthfulness of the reports of an outburst in his office and that Plaintiff was prone to lose his
23 temper.

24  Because Defendant has rebutted Plaintiff's retaliation claim with ample evidence of
25 legitimate, nondiscriminatory reasons for terminating Plaintiff's employment, Plaintiff must
26 carry the burden of showing that Defendant's proffered reasons are pretext for
27 discrimination. *McDonnell Douglas*, 411 U.S. at 804. In cases where direct evidence of
28 retaliatory animus is unavailable, "a plaintiff may come forward with circumstantial evidence

1 that tends to show that the employer's proffered motives were not the actual motives because
2 they are inconsistent or otherwise not believable. . . . and the evidence of 'pretense' must be
3 'specific' and 'substantial' in order to create a triable issue." *Godwin v. Hunt*, 150 F.3d
4 1217, 1222 (9th Cir. 1998). In judging whether a proffered reason is pretextual, courts "only
5 require that an employer honestly believed its reason for its actions, even if its reason is
6 foolish or trivial or even baseless." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063
7 (9th Cir. 2002). "In judging whether . . . proffered justifications were false, it is not
8 important whether they were objectively false. . . [r]ather, courts 'only require that an
9 employer honestly believe its reasons for its actions." *Id.* (quoting *Johnson*, 260 F.3d 727,
10 733 (7th Cir. 2001)); *see also Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006)
11 (holding that "an employer's mistaken belief that the plaintiff's conduct merited termination
12 is not unlawful, so long as the belief was honestly held"); *Pollard v. Rea Magnet Wire Co.,*
13 *Inc.*, 824 F.2d 557, 559 (7th Cir. 1987) ("A reason honestly described but poorly founded is
14 not pretext, as that term is used in the law of discrimination."); *Sweeney v. Ala. Alcoholic*
15 *Beverage Control Bd.*, 117 F. Supp. 2d 1266, 1272 (M.D. Ala. 2000) (finding that where an
16 employer reasonably relies on a report of misconduct, the discharged employee cannot
17 demonstrate pretext merely by denying that she engaged in the alleged misconduct); *Kautz*
18 *v. Met-Pro Corp.*, 412 F.3d 463, 467 (3rd Cir. 2005) (stating that "pretext is not shown by
19 evidence that the employer's decision was wrong or mistaken, since the factual dispute at
20 issue is whether discriminatory animus motivated the employer, not whether the employer
21 is wise, shrewd, prudent, or competent") (quotation omitted).

22 Plaintiff does not challenge the testimony of Aguirre and Davis that on or about
23 March 20, 2007, they reported Plaintiff's misconduct to Gardner and Davidson. Nor does
24 Plaintiff challenge that the misconduct described by Aguirre and Davis to Gardner and
25 Davidson was sufficient to justify discharge. What Plaintiff argues is that the conduct
26 described by Aguirre and Davis to Gardner and Davidson simply never, in fact, occurred.
27 Such factual disputes, however, are not a sufficient basis on which to defeat summary
28 judgment. The issue is not whether the conduct described by Aguirre and Davis to Gardner

1 and Davidson actually occurred, but whether there is any reason to believe that Gardner and
2 Davidson did not believe what they were told by Aguirre and Davis. *See Villiarimo*, 281
3 F.3d at 1063; *Ptasznik*, 464 F.3d at 696; *Pollard*, 824 F.2d at 559.

4 Here, Plaintiff presents no evidence that Gardner or Davidson did not honestly believe
5 either the reports of Aguirre and Davis or that Plaintiff had, on prior occasions, lost his
6 temper. Plaintiff presents only circumstantial evidence which, at any rate, is insufficient to
7 suggest retaliatory animus. Plaintiff only presents the following evidence that contradicts
8 the objective truth of Plaintiff's conduct: (1) he was calm after the meeting with Gardner and
9 did not lose his temper as reported; (2) another employee, Neil Hrdlicka, whose office is near
10 Plaintiff's, believed he was in his office the entire morning after Plaintiff met with Gardner
11 and he did not hear any commotion; and (3) three employees all testified that they had never
12 seen Plaintiff lose his temper. (Dkt. # 51 at 14.) Even if Plaintiff did not lose his temper
13 while working at Aerotec and did not lose his temper in his office following his meeting with
14 Gardner, Plaintiff has offered no evidence indicating that those responsible for Plaintiff's
15 discharge – Gardner and Davidson – did not subjectively believe the substance of the reports
16 from Aguirre and Davis and did not subjectively believe that Plaintiff had lost his temper on
17 other occasions. Plaintiff is "not entitled to immunity from discipline merely because [he]
18 uncovered [] possible FLSA violations." *Spata*, 253 Fed. App'x. at 649; *see also Villiarimo*,
19 281 F.3d at 1063; *Ptasznik*, 464 F.3d at 696; *Pollard*, 824 F.2d at 559. Because Plaintiff has
20 not shown that the legitimate reasons Defendant proffered for his discharge are pretextual,
21 his claim for retaliation under the FLSA must fail and summary judgment is granted in favor
22 of Defendant.

### CONCLUSION

24 Because there are no genuine issues of material fact exist as to whether Defendant
25 violated the FLSA,

26 **IT IS HEREBY ORDERED** that the Motion for Summary Judgment (Dkt. # 45) is
27 **GRANTED**.

- 7 -

1    **IT IS FURTHER ORDERED** directing the Clerk of the Court to **TERMINATE** this
2 matter.
3    DATED this 23rd day of December, 2008.

_____
G. Murray Snow
United States District Judge

- 8 -